UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVIS JACKSON ) | |
| Plaintiff, ) | **3  08  0537** |
| ) | No. |
| v. ) | (No. 3:08-mc-0133) |
| ) | Judge Trauger |
| GOVERNOR PHIL BREDESEN, et al. ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Phil Bredesen, Governor of Tennessee; the Tennessee General Assembly; and George Little, Commissioner of the Tennessee Department of Correction; seeking declaratory, injunctive and monetary relief.

In December, 2004, the plaintiff was confined in a county jail where he earned two days' worth of sentence reduction credits for every one day served off his sentence. *See* Tenn. Code Ann. § 41-2-146. A year later, he was transferred to the custody of the Tennessee Department of Correction, where inmates apparently do not earn sentence reduction credits at the same rate. *See* Tenn. Code Ann. § 41-21-236. The plaintiff believes that "If I had been allowed to remain at the county jail serving this sentence I would have already expired the sentence in September 2007 and been released." Docket Entry No. 1 at pg. 7. For that reason, he alleges that the sentence reduction schedule codified by the Tennessee General Assembly is being unconstitutionally applied to all prisoners confined in the state prison system.

In order for the plaintiff to obtain § 1983 relief for an allegedly unconstitutional conviction

or confinement, he must prove that the conviction or confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). The plaintiff has in no way indicated that he has already successfully challenged the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

Because the plaintiff's allegations are not yet ripe for adjudication, he has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to *sua sponte* dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge